*Rosero v. Lynch*

BIA
A079 125 965

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
>      PIERRE N. LEVAL,
>      ROBERT D. SACK,
>      REENA RAGGI,
>           *Circuit Judges.*

_____

CONCEPCION YAMILETH ROSERO,
>      *Petitioner,*

>      v.                                          14-204
>                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Paul Fiorino,
                         Senior Litigation Counsel; Erik R.
                         Quick, Trial Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Concepcion Yamileth Rosero, a native and citizen of Colombia, seeks review of a December 12, 2013, decision of the BIA denying her untimely motion to reopen. *In re Concepcion Yamileth Rosero,* No. A079 125 965 (B.I.A. Dec. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(1); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Rosero's motion to reopen, filed in October 2013, was untimely because her order of removal became final in 2011. Rosero contends, however, that ineffective assistance of counsel excuses her late filing.

This Court has held that, to prevail on a claim of ineffective assistance of counsel, an alien must first comply

2

with certain procedures set forth by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Here, Rosero does not dispute that she has not complied with these procedures; rather, she argues that she need not do so under the circumstances of her case.

It is true, as Rosero contends, both that "slavish adherence" to *Lozada*'s requirements is not necessary in certain circumstances, and that, where facts supporting a "claim of ineffective assistance are clear on the face of the record," noncompliance with those requirements may be excused. *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142-43 (2d Cir. 2007). However, contrary to Rosero's assertions, this case is not one where the facts are so clear.

The facts here are distinct from the circumstances presented in *Yi Long Yang*, in that Rosero's only intimation that her former counsel was ineffective was that her husband and son were not called as witnesses; she does not contend that, as in *Yi Long Yang*, her former counsel was disbarred, or that the agency explicitly assumed her former counsel's competence. *Id.* at 142. Longstanding precedent holds that a decision not to call a particular witness or witnesses does not constitute

3

ineffective assistance of counsel.  *See, e.g.*, *United States v. Schmidt*, 105 F.3d 82 (2d Cir. 1997).

Because the BIA did not abuse its discretion in denying the motion to reopen on the basis of Rosero's failure to comply with *Lozada*'s requirements, we decline to consider Rosero's challenge to the BIA's alternative conclusion that she had not demonstrated due diligence and thus equitable tolling of the filing deadline was not warranted.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4